IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
GULFPORT DIVISION

| | |
|---|---|
| Christie Curry,<br><br>  Plaintiff,<br><br>v.<br><br>Synchrony Bank, N.A.,<br><br>  Defendant. | Civil Action No.: 1:15-cv-322-LG-RHW |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER
RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

NOW COMES Plaintiff, CHRISTIE CURRY ("Plaintiff"), by her attorneys, and hereby files her Memorandum in Support of her Response in opposition to the Motion to Dismiss of Defendant, SYNCHRONY BANK ("Defendant"). In its Motion, Defendant argues, *inter alia*, that Plaintiff's Complaint for Defendant's alleged conduct in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") should be dismissed, as Plaintiff failed to plead sufficient facts to support her allegation that Defendant used an automatic telephone dialing system (ATDS). Defendant's Motion to Dismiss and Memorandum in Support, Docs 5, 6. Defendant's motion is entirely baseless and should be rejected by this Court, as Plaintiff has pled sufficient facts to allege that Defendant violated the TCPA.

I.  **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47

(1957)).  "To avoid dismissal, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'"  *Has v. Department Stores Natl Bank*, 986 F.Supp.2d 1058, 1059 (*quoting Twombly*, 550 U.S. at 547).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556). The complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the plaintiff. *Twombly,* 550 U.S. at 554–56.

## II.     PLAINTIFF'S COMPLAINT SETS FORTH A VALID CLAIM UNDER THE TELEPHONE CONSUMER PROTECTION ACT

"[T]o prove that a defendant violated the TCPA in a case involving a cell phone, a plaintiff must establish that (1) the defendant called his or her cell phone, and (2) the defendant did so using an ATDS or an artificial or prerecorded voice." *Evans v. Corinthian Colleges, Inc.,* 2014 WL 2866369 at *2 (*citing* 47 U.S.C. § 227(b)(1)(A)(iii)); *Levy v. Receivables Performance Mgmt., LLC*, 2013 WL 5310166 (E.D.N.Y. Sept. 23, 2013) (same).  In its Motion to Dismiss, Defendant argues, *inter alia*, that Plaintiff's Complaint fails to allege sufficient facts demonstrating that Defendant's calls were placed using an automated telephone dialing system as defined by the TCPA.  Defendant's Motion is without merit, however, as (1) courts throughout the nation have held that a Defendant's alleged usage of an ATDS may be implied by both the number and timing of Defendant's calls; and (2) forcing TCPA Plaintiffs to plead detailed, technical information regarding an ATDS system would be contrary to the public policy behind the TCPA.

> **A.      Courts Throughout the Country have Held that a Defendant's Alleged Usage of an ATDS may be Implied by both the Number and Timing of Defendant's Calls, as well as the Defendant's Usage of Automated Voice Recordings.**

Defendant asserts that Plaintiff's Complaint merely contains "conclusory allegations" regarding Defendant's conduct. Defendant's Memorandum, Doc. 6 at 1. Defendant's assertion not only misinterprets the law, but misreads Plaintiff's Complaint, as well. As a preliminary matter, numerous courts have held that a plaintiff need not allege *any* facts to support an allegation that an ATDS was used by a defendant; rather a plaintiff need only allege that the calls were placed with an ATDS in order to sufficiently plead a claim. *See*, e.g., *De Los Santos v. Millward Brown, Inc.*, 2014 WL 2938605 at *3 (S.D. Fl. June 30, 2014) ("To state a claim under the TCPA, Plaintiff need only to allege that Defendant used an autodialer); *Hashw v. Department Stores Nat. Bank*, 986 F.Supp.2d 1058, 1061 (D. Minn. 2013) ("Here, Hashw has pleaded that an ATDS was used to make the calls to his cellular phone. As the Court must accept that allegation as true at this juncture, nothing more is required to state a claim for relief under the TCPA.") (internal citations omitted); *Buslepp v. B&B Entertainment, LLC*, 2012 WL 1571410 at *1 (S.D. Fl. May 3, 2012)(denying motion to dismiss because "the allegation that Defendant used [an autodialer] ... is a factual allegation under *Twombly* and *Iqbal*"); *Torres v. National Enterprise Systems, Inc.*, 2012 WL 3245520 (N.D. Ill. Aug 7, 2012) ("Torres' allegations indicate that an "automatic telephone dialing system or an artificial or prerecorded voice" was used by NES, which is sufficient at this juncture"); *Reyes v. Saxon Mortg. Services, Inc.*, 2009 WL 3738177 at *4 (S.D. Cal. November 5, 2009) (allegations that Defendant "frequently made calls to Plaintiff's cell phone using an automatic telephone dialing system (including an automated dialing machine, dialer, and auto-dialer) and an artificial or prerecorded voice[,]" and that Plaintiff was "forced to bear the expense of these calls" sufficient to plead a

TCPA claim); *Robinson v. Midland Funding, LLC*, 2011 WL 1434919 at *3 (S.D. Cal. April 13, 2011) ("although Plaintiff's allegation that Defendant made calls to his 'cellular telephone' via an 'automatic telephone dialing system' ... using 'an artificial or prerecorded voice for which he was charged' seem vague, neither (TCPA) section 227(b)(1)(A)(iii) nor Federal Rule of Civil Procedure 8 requires Plaintiff to plead his claim with particularity") (internal citations omitted)). As such, Plaintiff's allegation in paragraph 11 of her Complaint that Defendant placed calls to Plaintiff "with an automatic telephone dialing system ('auto dialer')" is sufficient, on its own, to allege a violation of the TCPA. Complaint, Doc. 1 at ¶ 11.

Nonetheless, courts throughout the country have held that a TCPA plaintiff may plead certain facts to support an allegation that an ATDS was used by a defendant. "[T]he number of calls and their timing may imply ATDS use." *Clayton v. Aaron's Inc.*, 2013 WL 3148174 at *3 (E.D. Va. June 19, 2013)); *Hashw*, 986 F.Supp.2d at 1061 (plaintiff's allegation that he received 112 debt collection calls over a relatively short period of time sufficient to draw the inference that an ATDS was used); *Mashiri v. Ocwen Loan Servicing, LLC*, 2013 WL 5797584 at *5 (S.D. Cal. Oct. 28, 2013)(plaintiff's allegation that defendant placed over 100 calls in a one-month period made defendant's use of an ATDS "more plausible").

In the present matter, Plaintiff has alleged that she received one hundred and ninety (190) automated collection calls from Defendant on a near-daily basis over an approximate five-month period. Complaint, Doc. 1 at ¶ 15. It is difficult to reconcile Defendant's assertion that Plaintiff has "pled no such facts" to support ATDS use, as Plaintiff's Complaint details the frequency and timing of Defendant's calls, and further alleges that the calls were placed with an automated dialer. Based on the authority cited *supra*, Plaintiff's Complaint goes above and

4

beyond the pleading standards imposed by the Federal Rules of Civil Procedure and case law interpreting the TCPA.

> B.  Forcing TCPA Plaintiffs to Plead Detailed, Technical Information regarding an ATDS System would be Contrary to the Public Policy Behind the TCPA.

Defendant next argues that Plaintiff's Complaint is insufficient, as "Plaintiff does not even try to allege any facts suggesting that the calls to her number were 'random' or 'sequential[ly]' generated." Defendant's Memorandum, Doc. 6 at 6-7. The TCPA defines an ATDS as telephone equipment that has the "capacity ...to store or produce telephone numbers to be called, using a random or sequential number generator and (B) to dial such numbers." *Id.* (citing 47 U.S.C. § 227(b)(1)(A)). In essence, Defendant argues that because Plaintiff did not allege specific facts regarding the capabilities of Defendant's telephone system, Plaintiff's complaint is insufficient.

As a preliminary matter, it is impracticable – if not impossible – for any TCPA plaintiff to obtain detailed, technical information regarding a defendant's telephone system before discovery has commenced. Moreover, "[t]he TCPA was enacted to **'protect the privacy interests** of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile machines and automatic dialers.'" *Satterfield v. Simon & Schuster, Inc.* 569 F.3d 946, 954 (9th Cir. 2009) (*citing* S.Rep. No. 102–178, at 1 (1991), reprinted in 1991 U.S.C.C.A.N. 1968 (emphasis added)). In *Torres v. National Enterprise Systems, Inc.*, 2012 WL 3245520 (N.D. Ill. Aug. 7, 2012) the defendant moved to dismiss the plaintiff's complaint because it did not contain specific allegations regarding the defendant's dialing system. The court denied the defendant's motion to dismiss:

5

> Torres' allegations indicate that an "automatic telephone dialing system or an artificial or prerecorded voice" was used by NES, which is sufficient at this juncture. Nor would it even be reasonable to hold plaintiffs in TCPA cases to the standard proposed by NES since it would be virtually impossible, absent discovery, for any plaintiff to gather sufficient evidence regarding the type of machine used for a communication left on a plaintiff's voicemail. **Under such a standard, defendants such as NES would be virtually immune to TCPA claims, which clearly is not what was intended by Congress in creating the TCPA**. *See, e.g., Satterfield,* 569 F.3d at 954. Thus, Torres has stated a valid TCPA claim, and the motion to dismiss the TCPA claim is denied.

*Torres*, 2012 WL 3245520 at *3. Forcing Plaintiff to include specific facts regarding the capabilities of Defendant's dialing system is therefore not only logically impracticable at this stage of litigation, but would also be contrary to the public policy behind the TCPA.

## IV.    CONCLUSION

As demonstrated *supra*, this court should deny Defendant's Motion to Dismiss. The plain text of the TCPA, along with multiple FCC rulings regarding the statute and the great weight of authority interpreting the Act, all demonstrate that debt collection calls to a cellular telephone are not exempt from the TCPA. Additionally, Plaintiff's Complaint satisfies the pleading requirements imposed by Fed. R. Civ. P 12(b)(6).

WHEREFORE, Plaintiff respectfully requests this Court enter an order denying Defendant's Motion to Dismiss. In the alternative, Plaintiff requests this Court for an order granting Plaintiff leave to amend her Complaint.

Dated: November 4, 2015									RESPECTFULLY SUBMITTED,

											KROHN & MOSS, LTD.

											By:  /s/ Shireen Hormozdi

											Shireen Hormozdi
											Krohn & Moss, Ltd
											10474 Santa Monica Blvd., Suite 405
											Los Angeles, CA 90025
											Tel: (323) 988-2400 x 267
											Fax: (866) 829-5083
											Email: shormozdi@consumerlawcenter.com
											Attorney for Plaintiff
											Mississippi Bar No. 103799

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 4, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and served all counsels of record via transmission of Notices of Electronic Filing generated by CM/ECF.

											By: /s/ Shireen Hormozdi
												Shireen Hormozdi