# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**CHRISTIE CURRY**                                                              **PLAINTIFF**

**v.**                                                         **CAUSE NO. 1:15CV322-LG-RHW**

**SYNCHRONY BANK, N.A.**                                                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS AND GRANTING LEAVE TO FILE AMENDED COMPLAINT

BEFORE THE COURT is the [5] Motion to Dismiss filed by Defendant Synchrony Bank, N.A. pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions of the parties and the applicable law and finds that the Motion should be denied. Plaintiff Christie Curry's allegations do not raise a right to relief above the speculative level under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. However, the Court will allow Curry to amend her Complaint within fourteen days to attempt to cure the deficiencies therein.

## BACKGROUND

Curry claims that Defendant Synchrony Bank attempted to collect on a debt by placing multiple calls to her cellular telephone. (*See* Compl. 2 (¶¶ 8-10), ECF No. 1). She contends that "[b]ased upon the timing and frequency of [the Bank]'s calls and per its prior business practices, [the] calls were placed with an automated dialing system ('auto-dialer')." (*See id.* (¶11)). Curry alleges that she requested on two occasions that the calls stop, and "revoked any consent, express or implied, to receive automated collection calls from" the Bank, but the Bank continued to place

at least one hundred and ninety (190) automated collection calls to [her] on a near-daily basis between February, 2015 and June, 2015." (*See id.* at 2-3 (¶¶ 12-15)). She seeks statutory damages pursuant to the provisions of the TCPA.

The Bank argues that Curry has failed to allege sufficient facts to support a TCPA claim, and, instead, that her "claims are based on nothing more than conclusory allegations that [the Bank] engaged in prohibited conduct." (Def. Mem. 1, ECF No. 6). The Bank contends that Curry's allegations are insufficient to make it plausible that the Bank used an automatic telephone dialing system, which is one of the requirements to state a claim under the TCPA.

Curry has opposed the Motion to Dismiss, contending that other courts have found allegations such as hers sufficient to state a claim for relief under the TCPA. Alternatively, she requests that the Court allow her to amend her Complaint.

### THE LEGAL STANDARD

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts "as true the well-pleaded factual allegations in the complaint and construe[s] the complaint in the light most favorable to the plaintiff." *Hermann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 557 (5th Cir. 2002). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While legal

2

conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

### DISCUSSION

The TCPA "makes it unlawful to use an automatic telephone dialing system . . . without the prior express consent of the called party, to call any . . . cellular telephone . . . ." *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012) (citing 47 U.S.C. § 227(b)(1)(A)). For TCPA purposes, an automatic telephone dialing system (ATDS) "means equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator[,] and to dial such numbers." *See* 47 U.S.C. § 227(a)(1).

The Court has found no binding precedent within the Fifth Circuit with respect to the types of allegations required to raise a right to relief above the speculative level in a TCPA action. Curry argues that "numerous courts have held that a plaintiff need not allege ***any*** facts to support an allegation that an ATDS was used by a defendant; rather a plaintiff need only allege that the calls were placed with an ATDS in order to sufficiently plead a claim." (Pl.'s Mem. 3, ECF No. 8). The majority of courts to have considered the issue, though, have found that a plaintiff's bare allegation that a defendant used an ATDS is not enough. *See, e.g.*, *Martin v. Direct Wines, Inc.*, No. 15 C 757, 2015 WL 4148704, at *2 (N.D. Ill. July 9,

3

2015); *Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. 2014);

*Jones v. FMA Alliance Ltd.*, 978 F. Supp. 2d 84, 86-87 (D. Mass. 2013). The Court

finds these and similar cases to be more persuasive than those Curry cites for much

the same reasons as the district court in *Aikens v. Synchrony Fin. d/b/a Synchrony

Bank*, No. 15-10058, 2015 WL 5818911 (E.D. Mich. July 31, 2015), a case in which

the plaintiff was represented by the same law firm representing Curry in this

action, and in which the plaintiff made nearly identical arguments to those made

here. *See id.* at *2-4, report and recommendation adopted, 2015 WL 5818860, at *1

(E.D. Mich. August 31, 2015).

Regardless, Curry contends that she has done more than allege merely that

the Bank used an ATDS because she "alleged that she received one hundred and

ninety (190) automated collection calls from [the Bank] on a near-daily basis over

an approximate five-month period." (Pl.'s Mem. 4, ECF No. 8). However, "[w]hile

plaintiffs cannot be expected to provide specific details about the type of dialing

systems used to deliver the calls they receive, it is entirely reasonable to demand

that plaintiffs provide sufficient information about the timing *and content* of the

calls they receive to give rise to the reasonable belief that an ATDS was used." *See

Aikens*, 2015 WL 5818911, at *4 (emphasis added).

Curry "has not provided sufficient contextual details to determine whether

she spoke to a human or merely heard a recording upon picking up the phone." *See

id.* "If she spoke to a human, she has not indicated whether she heard a human

voice immediately upon picking up her phone, or whether there was a significant period of 'dead air,' which is generally indicative of the use of a automatic dialer." *Id.* "[Curry]'s allegations permit the Court to infer that she received a great number of calls from [the Bank]'s number, but no allegations . . . permit an inference that [the Bank] used an ATDS to accomplish these calls." *See id.* "To surmount this threshold, [Curry] could plead those facts which are likely within her knowledge, but which she has not included in her complaint . . . ." *See id.* This would include "the content of [the] calls, whether she spoke to a human, whether there was dead air prior to a human picking up the line, or any other facts which may tend to make the use of an ATDS more likely." *See id.*; *see also, e.g.*, *Martin*, 2015 WL 4148704, at *2; *Jones*, 978 F. Supp. 2d at 86-87.

"Because these facts were not alleged in her complaint, [Curry] has not stated a plausible claim for relief under the TCPA § 227," and the Bank's Motion will be granted. *See Aikens*, 2015 WL 5818911, at *4; *see also Crawford v. Target Corp.*, No. 3:14-cv-0090-B, 2014 WL 5847490, at *3-4 (N.D. Tex. Nov. 10, 2014) (denying motion to dismiss TCPA action where, *inter alia*, the plaintiff "indicated the reasons for her contention that [the d]efendant employed an ATDS in calling her"). However, although the Bank requests a dismissal with prejudice, the Court will allow Curry an opportunity to amend her Complaint to attempt to cure the identified deficiencies. *See, e.g.*, *Martin*, 2015 4148704, at *2. The Bank offers little, if any, persuasive opposition to the request to amend, this action is in its

early stages, and this is Curry's first request to amend. *See, e.g.*, *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013) (discussing factors to be considered for a request to amend). Furthermore, it is well-settled in this Circuit that leave to amend should be freely given. *See id.*

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [5] Motion to Dismiss filed by Defendant Synchrony Bank, N.A. is **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff Christie Curry's request to amend her Complaint is **GRANTED**. Plaintiff Curry is ordered to file an Amended Complaint within fourteen (14) days of the date of this Order.

**SO ORDERED AND ADJUDGED** this the 12th day of November, 2015.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge